IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH MARTINEZ GARCIA,<br><br>    Plaintiff,<br><br>    vs.<br><br>JAMES YATES,<br><br>    Defendant. | Case No. 1:11-cv-00972 LJO JLT (PC)<br><br>ORDER DENYING REQUEST TO ADD LEGAL AUTHORITIES INTO PLAINTIFF'S FIRST AMENDED COMPLAINT<br><br>(Doc. 13)<br><br>ORDER DISREGARDING MOTION TO CONSOLIDATE INJUNCTIVE RELIEF INTO COMPLAINT<br><br>(Doc. 19)<br><br>MOTION DENYING RENEWED MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. 23) |

    Plaintiff is a state prisoner proceeding pro se and in forma pauperis in an action pursuant to 42 U.S.C. § 1983. Before the Court, are two motions filed by Plaintiff and a request. (Docs. 13, 19, 23)

    In the first request, Plaintiff seeks to have the Clerk of the Court add legal authorities into his first amended complaint. (Doc. 13) However, because a complaint is not required to have case authorities and, indeed, they are irrelevant to the requirements of Fed. R. Civ. P. 8, this request is **DENIED**.

    In the first motion, Plaintiff filed a "motion to consolidate injunctive relief with civil action."

(Doc. 19) In this motion, Plaintiff notes that in his original complaint, he sought injunctive relief. Thus, in the motion, he seeks to "include the civil action claim and consolidate the two together." Id. The Court is at a loss to understand Plaintiff's request. As he points out, the request for injunctive relief was made in his complaint for damages so it *is* included in his civil action. Thus, his motion (Doc. 19), is **DISREGARDED** as unnecessary.[1]

Plaintiff 's final motion is a motion for reconsideration of the order issued on January 6, 2012 denying him appointment of counsel. (Doc. 23) In this current motion which, in fact, is a new motion rather than a true request for reconsideration, Plaintiff continues to reiterate how he is unschooled in the law such to make it difficult to properly prosecute this matter. Id. at 1-3. In making these arguments, he fails to appreciate that this is the same situation that nearly every inmate pursuing a complaint related to the conditions of his confinement. Moreover, given the quality of Plaintiff's writing and his demonstrated ability to research and cite applicable law, his claims about his abilities, or lack thereof, appear to be overstated.

Plaintiff is once again advised that he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent him. Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). Only, in certain exceptional circumstances will the Court request the *voluntary* assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. Exceptional circumstances are those where there is a likelihood of success of the merits and the ability of the plaintiff to articulate his claims. Rand, 113 F.3d at 1525. (internal quotation marks and citations omitted).

Once again, as states above, the Court does not find there are exceptional circumstances such to justify appointment of counsel. A claim of denial of adequate medica care is incredibly common and raises non-complex issues of law. That Plaintiff would like to have investigation into medical

---

[1] On the other hand, as noted above, since the filing of this original complaint, Plaintiff has filed a First Amended Complaint and lodged his Second Amended Complaint. (Docs.10, 13) In the first amended complaint, Plaintiff *also* seeks injunctive relief. (Doc. 10 at 11)
   Moreover, Plaintiff is advised that a complaint must be complete in itself without reference to other pleadings. Local Rule 220.

1  standards of care does not make this case exceptional, especially in light of the fact that such an
2  investigation is irrelevant to constitutional litigation.  Additionally, at this early stage in the
3  proceedings, the Court cannot find that Plaintiff is likely to succeed on the merits.  <u>Rand</u>, 113 F.3d at
4  1525.
5       For the foregoing reasons, Plaintiff's motion for the appointment of counsel (Doc. 23)is
6  **DENIED**.

8  IT IS SO ORDERED.
9  Dated:   **March 21, 2012**                              /s/ Jennifer L. Thurston
                                                    UNITED STATES MAGISTRATE JUDGE