UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH MARTINEZ GARCIA, <br><br> Plaintiff, <br><br> v. <br><br> JAMES YATES et al., <br><br> Defendants. | Case No.: 1:11-cv-00972-LJO-JLT (PC) <br><br> ORDER DISMISSING THIRD AMENDED COMPLAINT WITH LEAVE TO AMEND <br><br> (Doc. 25) |

Plaintiff Joseph Martinez Garcia is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 25). The Court had not screened any of Plaintiff's prior complaints and on December 17, 2012, granted Plaintiff leave to file his third amended complaint and accepted the document attached thereto as the Third Amended Complaint. (Doc. 26).

As is required, the Court now screens the complaint, and for the reasons set forth below, the Court **DISMISSSES** the Complaint and **GRANTS** Plaintiff **leave to amend.**

I.  **SCREENING REQUIREMENT**

Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a case in which the plaintiff proceeds in forma pauperis if the court determines that the case "fails to state a claim on which relief may be granted" or is "frivolous." A claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to

1  contradict them." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

2  **II.  PLEADING STANDARDS**

3      **A.  Federal Rule of Civil Procedure 8(a)**

4      "Pro se documents are to be liberally construed" and "'must be held to 'less stringent standards
5  than formal pleadings drafted by lawyers.'" Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting
6  Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). "[They] can only be dismissed for failure to state a
7  claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim
8  which would entitle him to relief.'" (Id.) Under Federal Rule of Civil Procedure 8(a), "[a] pleading
9  that states a claim for relief must contain: (1) a short and plaint statement of the grounds for the court's
10 jurisdiction, . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to
11 relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). Each allegation must be simple,
12 concise, and direct. Fed. R. Civ. P. 8(d)(1). While a complaint "does not need detailed factual
13 allegations, a plaintiff's obligation to provide the 'grounds' of his entitlement to relief requires more
14 than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not
15 do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (internal quotation marks and citations
16 omitted).

17     In analyzing a pleading, the Court sets conclusory factual allegations aside, accepts all non-
18 conclusory factual allegations as true, and determines whether those non-conclusory factual
19 allegations accepted as true state a claim for relief that is plausible on its face. Ashcroft v. Iqbal, 129
20 S. Ct. 1937, 1949-52 (2009). "The plausibility standard is not akin to a probability requirement, but it
21 asks for more than a sheer possibility that a defendant has acted unlawfully." Id. at 1949 (internal
22 quotation marks and citation omitted). In determining plausibility, the Court is permitted "to draw on
23 its judicial experience and common sense." Id. at 1950.

24     **B.  42 U.S.C. § 1983**

25     In order to sustain a cause of action under 42 U.S.C. § 1983, a plaintiff must show (i) that he
26 suffered a violation of rights protected by the Constitution or created by federal statute, and (ii) that
27 the violation was proximately caused by a person acting under color of state law. See Crumpton v.
28 Gates, 947 F.2d 1418, 1420 (9th Cir. 1991). The causation requirement of § 1983 is satisfied only if a

plaintiff demonstrates that a defendant did an affirmative act, participated in another's affirmative act, or omitted to perform an act which he was legally required to do that caused the deprivation complained of. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981) (*quoting* Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978)).

### III.   THE COMPLAINT

At all times relevant to the complaint, Plaintiff was incarcerated at Pleasant Valley State Prison ("PVSP") located in Coalinga, California. (Doc. 25 at 4). Plaintiff names the following as defendants to this matter: 1) James Yates, 2) A. Duenas, 3) S. Pido, M.D., 4) Barry Green, P.A., 5) R. Wilson, P.A., 6) Coleman, P.A., and 7) J. Chokatos, M.D. Id. at 1, 3. Plaintiff states his complaint as follows:

Plaintiff has suffered from a hernia for the past ten years, which causes him to experience stomach pain and frequent urination. Id. at 9. Plaintiff's medical providers have not performed any testing on Plaintiff's hernia since his arrival at PVSP. Id. at 10-11.

On December 10, 2009, Plaintiff tested positive for Coccidioidomycosis ("Valley Fever"). Id. at 4. Plaintiff experienced dizziness, cold sweats and shortness of breath. Id. at 3-6. Plaintiff avers that Defendants Green, Wilson, and Duenas hid Plaintiff's Valley Fever diagnosis from him and that he was not treated for Valley Fever until May 2010. Id. at 6. Valley Fever caused damage to Plaintiff's knees, brain, and elbow. Id. at 6.

Plaintiff also suffers from chronic back pain, which has increased since his incarceration. Id. at 7. While Plaintiff's doctors previously prescribed morphine for him, on December 10, 2009, Defendant Pido determined that Plaintiff no longer needed morphine. Id. at 7. Similarly, on March 29, 2011, Defendant Green told Plaintiff that he could take Tylenol to decrease his pain. Id. at 8.

On April 19, 2011, a certain Dr. Horan performed a cystoscopy surgery on Plaintiff's prostate. Id. at 11-12. Dr. Horan advised Plaintiff to return within 90 days for further surgery. Id. at 12. On May 20, 2011, Defendant Coleman examined Plaintiff for his kidney problem, but apparently no care was given due to a disagreement between Defendant Coleman and Plaintiff. Id. at 15.

On October 12, 2011, a CT Scan revealed that a cyst had developed on Plaintiff's kidney. Id. at 15. Despite Dr. McCauley advising Plaintiff to drink water and prescribing tramadol, Defendants instead provided Plaintiff with Tylenol, indomethacin, and a non-steroidal, anti-inflammatory drug

3

("NSAID"). Id. at 15.

On November 22, 2011, Dr. Horan performed a laser procedure on the Plaintiff's prostate. Id. at 13. Due to surgical complications, Plaintiff experienced blood clotting and permanent damage to Plaintiff's reproductive organs. Id. at 13-14.

At some point subsequent to his November 2011 prostate surgery, Plaintiff had a follow-up visit with Defendant Chokatos. Id. at 16. Plaintiff indicates that Defendant Chokatos denied Plaintiff's requests for an endoscopy and refused to refer Plaintiff to a back specialist. Id. at 16-17. Additionally, on an undisclosed date, Defendants Green, Wilson, Chokatos and Duenas refused to provide Plaintiff with sufficient pain medication. Id. at 17. Plaintiff avers that the reason for their refusal to treat is because Plaintiff's urinalysis test was positive for methamphetamine on April 4, 2011. Id. at 17.

## IV.   DISCUSSION

### A.   42 U.S.C. § 1983 claims against employees in their official capacity violate the Eleventh Amendment.

Plaintiff names Defendant Yates in his official capacity, but states no actual claim against Defendant Yates in the body of the complaint. *See* (Doc. 25). However, naming an employee in his official capacity is "in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 165-166 (1985); Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). The Eleventh Amendment provides immunity to any State in any type of lawsuit "... in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend XI. "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." Will, 491 U.S. at 71 ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office."). Thus, the complaint is **DISMISSED** to the extent that it relates to Defendant Yates in his official capacity under 42 U.S.C. § 1983.

### B.   Plaintiff fails to state a cognizable claim under the Eighth Amendment.

Plaintiff avers that Defendants provided inadequate medical care to him in violation of the Eighth Amendment. (Doc. 25 at 1-11, 14-18). To establish a violation of the Eighth Amendment based on inadequate medical care, a plaintiff must demonstrate "acts or omissions sufficiently harmful

to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). In other words, the plaintiff must show the existence of (1) a serious medical need and (2) a deliberately indifferent response by the defendant. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

A medical need is serious "if the failure to treat the condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997). Indications that a person has a serious need for medical treatment include: the existence of an injury that a reasonable doctor or patient would find worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain. McGuckin, 974 F.2d at 1059-60 (citations omitted).

A defendant acts with deliberate indifference when he knowingly fails to respond to a serious medical need, thereby inflicting harm on the plaintiff. *See* Farmer v. Brennan, 511 U.S. 825, 837-42 (1994); Jett, 439 F.3d at 1096. Deliberate indifference may appear when a defendant denies, delays, or otherwise interferes with medical treatment. *See* Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988). Nevertheless, "[d]eliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).

Plaintiff asserts a claim for inadequate medical care in violation of the Eighth Amendment in claims 1, 2, 3, 5, 6 and 7 of the Complaint. The Court addresses each claim as follows:

    i.    Claim 1

On December 10, 2009, Plaintiff avers that he tested positive for Valley Fever, due to his placement at PVSP.[1] (Doc. 25 at 4, 6) Plaintiff indicates that he was not placed on medication for

---

[1] "To the extent that Plaintiff is attempting to pursue an Eighth Amendment claim for the mere fact that he was confined in a location where Valley Fever spores existed which caused him to contract Valley Fever, he is advised that no courts have held that exposure to Valley Fever spores presents an excessive risk to inmate health." Cooper v. Yates, 1:09-CV-85-AWI-MJS P, 2010 WL 4924748 * 4 (E.D. Cal. Nov. 29, 2010) report and recommendation adopted, 1:09-CV-00085-AWI, 2011 WL 127111 (E.D. Cal. Jan. 14, 2011)

Valley Fever until May 6, 2010, which was several months after his diagnosis. Id. at 6. In addition, Plaintiff blames Defendants Coleman, Green, Wilson, Pido, Chokatos, and Duenas for withholding information about Valley Fever from him. However, in Exhibit A attached to the Complaint,[2] Plaintiff admits that a doctor provided him with a six-month regimen of medication for Valley Fever on January 19, 2010. (Doc. 25, Ex. A, at 24). Thus, the Court finds no significant delay in Plaintiff's treatment. Furthermore, Plaintiff fails to indicate how Defendants failed to treat Plaintiff in any way. Therefore, the Court **DISMISSES** Claim 1 of the Complaint and **GRANTS** Plaintiff **leave to amend.**

        ii.       Claims 2, 3, 5, 6, and 7

Plaintiff seeks to dictate the course of his medical treatment in Claims 2, 3, 5, 6, and 7, which he is not entitled to do. Quiroga v. Green, Case Number 1:11-CV-00989-GBC, 2012 WL 3704784 * 4 (E.D. Cal. Aug. 24, 2012). The Court has held that "*[a]s a matter of law, differences of opinion between prisoner and prison doctors fails to show deliberate indifference to serious medical needs.*" Quiroga, 2012 WL at 4(*citing* Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996))(emphasis in original).

Plaintiff alleges nothing more than a difference of opinion between his doctors and himself. In Claims 2 and 5, Plaintiff states that he requires morphine to treat his severe back pain, and kidney and bladder problems. (Doc. 25 at 8, 14). Despite his concerns, Defendants Coleman, Green and Chokatos provided Plaintiff with Ibuprofen, Tylenol and NAIDs. Id. at 8, 14-15. Similarly, in Claim 3, Plaintiff indicates that he suffers from a hernia.[3] Id. at 9. While "doctors" at PVSP have told him that since he is "already on medication" nothing else can be done, Plaintiff argues that he is entitled to x-rays and further testing. Id. at 10-11. In Claim 6, Plaintiff complains that Defendant Chokatos denied Plaintiff's request for a referral to back specialist and only prescribed Tylenol for Plaintiff. Id. at 16-17.

---

[2] "The Court may, and does here, disregard factual allegations contradicted by facts established by reference to exhibits attached to the complaint." Cooper, 2010 WL at 3.

[3] The Court notes that this condition began "over" ten years prior to the filing of the complaint (Doc. 25 at 9). In filing his amended complaint, Plaintiff is advised that the court will not consider any matters or allegations which fall outside of the two year statute of limitations, Cal. Civ. Proc. Code § 335.1. (West), or the additional two year tolling period for imprisonment, Cal. Civ. Proc. Code § 352.1 (West).

Finally, in Claim 7, Plaintiff avers that Defendants Green, Wilson, Chokatos, and Duenas did not treat Plaintiff with adequate pain medication because he disobeyed a direct order from a prison official. Id. at 17. The Court notes, however, that this assertion is contradicted by Plaintiff's statements elsewhere in the complaint that Defendants *have provided* him with Ibuprofen, Tylenol and NAIDs. *Compare* (Id. at 17) *with* (Id. at 8, 14-15). While the withholding of medication for a serious medical condition could be a cognizable claim, Plaintiff has not pled such a case here. As Plaintiff only expresses a difference of medical opinion with his provider, his complaint fails as a matter of law. Thus, Plaintiff fails to state a cognizable claim for inadequate medical care under the Eighth Amendment. Therefore, the Court **DISMISSES** Claims 2, 3, 5, 6 and 7, of Plaintiff's Complaint and **GRANTS** Plaintiff **leave to amend**.

    **C.**    **Plaintiff fails to state a cognizable First Amendment claim of retaliation or a cognizable claim of inadequate medical care in Claim 4.**

        i.    First Amendment

Plaintiff's allegation that Defendants Green and Wilson delayed Plaintiff's medical care in retaliation for Plaintiff's threat to file an administrative grievances against them implicates the First Amendment. Under the First Amendment, prison officials may not retaliate against prisoners for initiating litigation or filing administrative grievances. Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005). A viable claim of First Amendment retaliation entails five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) the inmate's protected conduct and that the adverse action (4) chilled the inmate's exercise of his First Amendment rights and (5) did not reasonably advance a legitimate penological purpose. Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009) (quoting Rhodes, 408 F.3d at 567-68).

In Claim 4, Plaintiff avers that Defendants Green and Wilson ignored Plaintiff's complaints about his abdominal pain because he filed an administrative grievance after they refused to change his medication and this necessitated his November 22, 2011, bladder surgery. (Doc. 25 at 11-14). However, Plaintiff's claim that he was ignored because he filed an administrative grievance *after* Defendants denied his request for a change in medication falls short of a plausible claim for retaliation. *See e.g.,* McNeil v. Hayes, Case Number 1:10-CV-01746-AWI, 2012 WL 844596 * 8

(E.D. Cal. 2012).  As he did not file an administrative grievance until after Defendants denied him a change in medication, Plaintiff's complaint does not indicate that Plaintiff was denied medical care *because* of his administrative grievances. Id.  Thus, the Court **DISMISSES** Claim 4 of Plaintiff's Complaint and **GRANTS** Plaintiff **leave to amend.**

        ii.        Eighth Amendment

Plaintiff also attempts to state a claim for inadequate medical care in Claim 4.  Plaintiff indicates that on April 19, 2011, Dr. Horan, an outside physician, told Plaintiff that he would need surgery on his enlarged prostate within ninety days. (Doc. 25 at 12).  Plaintiff was not scheduled for surgery until November 22, 2011. Id.  While a four month delay in the scheduling of the surgery could be grounds to allege deliberate indifference in violation of the Eighth Amendment, Plaintiff fails to aver which Defendants – if any – are at fault for the delay.

Moreover, though Plaintiff asserts that Dr. Green and R. Wilson are at fault for the fact that his surgery purportedly left him unable to produce children, he fails to provide any facts that would support this conclusion.  Iqbal, 129 S. Ct. at 1949-52.  Furthermore, Plaintiff does not show how any of the named Defendants interfered with Plaintiff's access to this surgery. Therefore, the Court **DISIMSSES** Claim 4 of Plaintiff's Complaint and **GRANTS** Plaintiff leave to amend.

    **D. Plaintiff cannot maintain a 42 U.S.C. § 1983 action based on the theory of *respondeat superior*.**

Plaintiff cannot maintain an action against Defendant Duenas on the theory of *respondeat superior.* Under section 1983, Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir.2002) (emphasis added). Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1948–49 (2010). Liability may not be imposed on supervisory personnel under section 1983 on the theory of *respondeat superior,* as each defendant is only liable for his or her own misconduct. Id.; Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009). A supervisor may be held liable only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989); *accord* Starr v. Baca, No. 09–

55233, 2011 WL 477094 *4–5 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir.2009); Preschooler II v. Clark Claimy School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir.2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir.1997).

As noted above, Plaintiff has not shown that Defendants engaged in deliberate indifference in providing him with medical care. Plaintiff has not alleged any facts that Defendant Duenas had any role in the inadequate medical care which Plaintiff describes. (Doc. 25 at 19). While Plaintiff concludes that Defendant Duenas has covered-up for her subordinates, Plaintiff proffers no factual basis for this claim beyond general conclusions and arguments. Therefore, Plaintiff fails to state a cognizable claim against Defendant Duenas in Claim 8. Thus, the Court **DISMISSES** Claim 8 of the Complaint.

## V. LEAVE TO AMEND

The Court will provide Plaintiff a final opportunity to amend his pleading to cure the deficiencies noted in this order. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987) ("A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotations omitted). In his amended complaint, **Plaintiff must address the deficiencies noted here. Plaintiff is advised that his failure to do so will result in an order dismissing this action**.

In addition, Plaintiff is cautioned that in his amended complaint, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Plaintiff is also advised that once he files his amended complaint, his original pleadings are superceded and no longer serve any function in the case. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, the amended complaint must be "complete in itself without reference to the prior or superceded pleading." Local Rule 220. "All causes of action alleged in an original complaint which are not [re-]alleged in an amended complaint are waived." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (citations omitted).

Finally, Plaintiff's amended complaint must contain a **brief and concise** statement of his claim. Plaintiff's complaint is neither unique nor complex, as similar claims are submitted to the

Court on a daily basis. There is no need to submit to the Court a ninety page document. Therefore, Plaintiff's amended complaint, including the attached exhibits, **SHALL NOT exceed twenty pages.**

## ORDER

Accordingly, and for the above state reasons, the Court **HEREBY ORDERS** that:

1. Plaintiff's complaint is (Doc. 25) is **DISMISSED with leave to amend**;
2. Plaintiff is granted 21 days from the date of service of this order to file an amended complaint that addresses the deficiencies set forth in this order. The amended complaint must bear the docket number assigned to this case and must be labeled "Fourth Amended Complaint";
3. The Clerk of the Court is directed to send Plaintiff the form complaint for use in a civil rights action; and
4. **Plaintiff is firmly cautioned that failure to comply with this order will result in an order dismissing this action.**

IT IS SO ORDERED.

Dated:   **April 8, 2013**              /s/ Jennifer L. Thurston
                                        UNITED STATES MAGISTRATE JUDGE