UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH MARTINEZ GARCIA,<br><br>             Plaintiff,<br><br>        v.<br><br>S. PIDO, et al.,<br><br>             Defendants. | Case No.: 1:11-cv-00972 – LJO – JLT (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION AND DECLARATION FOR APPOINTMENT OF COUNSEL**<br><br>(Docs. 37) |

Plaintiff Joseph Martinez Garcia ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in a prisoner civil rights action pursuant to 42 U.S.C. § 1983.  Before the Court is Plaintiff's second request appointment of counsel in this matter. (Doc. 37).  Specifically, Plaintiff reports he has a limited knowledge of the law, will be unable to conduct discovery, and possesses poor health. Id. at 1-2.  However, the Court rendered a final judgment in this matter on August 13, 2013. (Docs. 35 and 36).

As the Court explained earlier (Doc. 16). Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  In certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.  In determining whether "exceptional

1

circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

The Court previously determined that Plaintiff has no likelihood of success on the merits, given that Plaintiff was unable to state a cognizable claim.  In his 19-page request for counsel, Plaintiff essentially reiterates his complaint as the basis for his request for counsel.  Namely, Plaintiff complains that he disagreed with his medical providers' failure to prescribe him certain medications. Thus, Plaintiff fails to state any grounds on which the Court should reconsider its prior ruling under Fed. R. Civ. P. 60 or reconsider its prior order (Doc. 16) denying appointment of counsel.

**ORDER**

Accordingly, the Court **HEREBY DENIES** Plaintiff's request for appointment of counsel.

IT IS SO ORDERED.

Dated:   **August 19, 2013**                    **/s/ Jennifer L. Thurston**
                                                             UNITED STATES MAGISTRATE JUDGE